BRUEN M. DECKER v. JOHN McLORINAN, OVERSEER OF
THE POOR OF THE CITY OF NEWARK.

1. In proceedings under Section 5 of the act concerning disorderly persons, (*Rev., p.* 305,) the complaint ought to show the residence of the deserting husband or father, and can only be made in the township or city where he resides.

2. Where the complaint is defective on that ground, prosecutor cannot avail himself of it, if he has filed no reason specifying or fairly including that objection, nor will he be permitted to file such a reason now, when it appears that no such objection was made below, and that, as a matter of fact, the prosecutor was a resident of the city where the complaint was made.

On *certiorari* to review proceedings under the disorderly act.

Argued at February Term, 1880, before Justices REED and MAGIE.

For the prosecutor, *John A. Cobb.*

For the defendant, *Henry Young.*

The opinion of the court was delivered by

MAGIE, J. This *certiorari* brings up proceedings taken under Section 5 of the disorderly persons act. *Rev., p.* 305. The proceedings were originally instituted before a justice of the peace in the city of Newark. An appeal was taken from his order, to the Essex Common Pleas. On the trial of the appeal, objections were made to the rulings of the court, on the rejection of testimony offered by the prosecutor, and to the charge to the jury. These objections are now urged as grounds for setting aside the order of the Common Pleas, which required prosecutor to pay a weekly sum for the support of his wife and child.

The testimony rejected seems entirely irrelevant to the question before the court, and was rightly rejected. Nor is the

charge of the court, in the particulars complained of, objectionable. The evidence, which has all been brought up, justifies the result reached by the court and jury below.

But there is an objection which it is more difficult to dispose of. By the provisions of the section of the statute above referred to, complaint is to be made by the overseer of the poor of the city or township within which the husband or father resides. And the complaint must be made before some justice of the peace therein.

The residence of the prosecutor, who was charged as the deserting husband and father, is not stated in the affidavit and complaint upon which these proceedings were instituted. The complaint states that the family were likely to become chargeable to the city of Newark, wherein the complaint was made. But this is not sufficient. The statute places the jurisdiction at the place of residence, and not the place of settlement of the husband and father. That fact ought to appear in the affidavits or complaint, in order to give jurisdiction.

This defect is not in the process for appearance. If there, it would have been cured by appearance before the justice, under the process, and without objecting to the jurisdiction on that account. *Clifford* v. *Frankford*, 8 *Vroom* 152. But the defect is jurisdictional. The fact of residence ought to appear on the face of the proceedings, and its omission, ordinarily, would be fatal. *Bergen Turnpike Company* ads. *State*, 1 *Dutcher* 554; *State* v. *Williamstown*, 4 *Zab.* 547 ; *Overseers of Princeton* v. *Overseers of South Brunswick*, 3 *Zab.* 169.

But I am of opinion that the prosecutor ought not to be allowed to take advantage of this objection. The reasons filed in the cause are all special. The present objection is not raised by nor fairly included under any of them. There is no general reason. *N. J. R. R. Co.* v. *Suydam*, 2 *Harr.* 25, 69; *State* v. *Kirby*, 2 *South.* *835, 963; *Griffith* v. *West*, 5 *Halst.* *350, 417.

If the omission were shown to have injured prosecutor, it is possible the court would think it proper to permit a new reason to be filed, under which this objection could be consid-

State, Egg Harbor H. & V. Co., pros., v. Galloway Tp.

ered, as was suggested in 2 *South.* 835. But it appears by the case that the prosecutor actually was a resident of Newark at the time the complaint was made. Under those circumstances, the court ought not to aid him by permitting an amendment which would enable him to take advantage of a mere technicality, to defeat the order requiring him to support his family. The objection, on this account, might have been successfully made, either before the justice or the Court of Common Pleas. The prosecutor remained silent there, and when he brought the proceedings into this court, he filed specific reasons for reversal, which did not include this objection. Under the circumstances, I think he ought to be limited to the objections included in the reasons filed; and, as all those reasons are groundless, I think the *certiorari* ought to be dismissed.

No reasons seem to have been filed after the return of the writ. Those which are above alluded to, appear to have been the reasons presented to the justice of the Supreme Court who allowed the writ. This is another ground for dismissing the writ, as not prosecuted according to the rules and practice of the court.

The writ should be dismissed, with costs.